**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LIZA J. P. C.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No. 5:25-cv-01643-MEMF (RAO)

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the Commissioner's decision denying Plaintiff's application for disability benefits be affirmed. (ECF No. 17.) Plaintiff's objections do not merit a different result.

Plaintiff objects that the finding of the Administrative Law Judge ("ALJ") that Plaintiff's mental impairments are not severe should not be upheld. (ECF No. 19 at 2-3.) The ALJ found that, although Plaintiff had a major depressive disorder and a generalized anxiety disorder, these impairments did "not cause more than

minimal limitations in [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." (ECF No. 8-3 at 21.) Plaintiff argues that, to the extent that the ALJ based this finding on a mental status examination by Dr. Hagans, "ALJs should not rely on mental status examinations as if they are an assessment of the patient's ability to perform work activity on a regular and continuing basis." (ECF No. 19 at 2.) But under Ninth Circuit authority, the opinion of an examining doctor can "serve as substantial evidence supporting the ALJ's findings with respect to [Plaintiff's impairments] and her . . . limitations." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Plaintiff further argues that her mild mental limitations should have been assessed for their impact on her ability to work. (ECF No. 19 at 3.) But the Ninth Circuit "essentially rejected the same argument in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), because [Plaintiff] identified no specific 'evidence that the ALJ failed to consider or explain.' *Id*. at 794." *Alexander v. O'Malley*, 2024 WL 612877, at *1 (9th Cir. 2024). "Other districts have consistently followed *Woods* in finding that ALJs are not required to incorporate 'mild' limitations in the [residual functional capacity ("RFC")]." *Brown v. Commissioner of Social Security*, 2025 WL 3470255, at *8 (E.D. Cal. Dec. 3, 2025) (citing cases). In light of this, the Court need not reach the question of whether any error was harmless.

Plaintiff objects that the Report did not recognize the deficits in the ALJ's RFC assessment or the ALJ's improper evaluation of the medical opinions, specifically, based on the opinion of Family Nurse Practitioner ("FNP") Seraile. (ECF No. 19 at 4-5.) FNP Seraile stated, among other things, that Plaintiff would need a doctor's appointment "2 days a week per month 8 hours each" from February 27, 2024, to February 27, 2025, and that she would need a number of extra breaks during the workday. (ECF No. 8-10 at 167.) The ALJ found FNP Seraile's opinion unpersuasive. (ECF No. 8-3 at 29.) The ALJ explained that the opinion "was not supported by an examination or citations to medical evidence and

failed to fully explain the reasoning behind the opinion," that the limitations were "inconsistent with treatment records which show [Plaintiff] continues to improve," and that Plaintiff "reported improvement with no pain, feeling well, and diagnostic findings show . . . improved bladder function and control." (*Id.*) The Court agrees with the Report that "substantial evidence supports the ALJ's consideration of FNP Seraile's medical opinion." (ECF No. 17 at 12.) Plaintiff's disagreement with the ALJ's analysis of the evidence (ECF No. 19 at 5) does not mandate a different result. (ECF No. 17 at 8 (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")).

Plaintiff also objects that the Report failed to properly address her argument that the ALJ failed to address the limitations that she would need as a result of her severe impairments—specifically additional restroom breaks. (ECF No. 19 at 6-7.) She asserts that the ALJ's inclusion of "regular breaks" is not a limitation, but only a reference to the breaks that all employees are entitled to. (ECF No. 19 at 7.) The record does not reflect this, particularly in light of the hypothetical that was posed (concerning extra breaks). But even if it did, the ALJ properly found—and the Report properly credited the finding—that her statements regarding the need for additional restroom breaks is not consistent with other evidence in the record. (*See* ECF No. 8-3 at 27 (discussing Plaintiff's statements regarding restroom breaks, and finding "the [Plaintiff's] statements regarding the alleged intensity, persistence, and limiting effects of symptoms are inconsistent with statements made by the [Plaintiff] in connection with a disability claim and other information in the record.").)

Plaintiff objects that the Report failed to apply circuit precedent crediting Plaintiff's improperly rejected testimony. (ECF No. 19 at 6-8.) However, Plaintiff has not shown that the ALJ improperly rejected her testimony. The ALJ found that Plaintiff's testimony about her symptoms was undermined by (1) inconsistencies

between Plaintiff's testimony and the objective medical evidence; (2) inconsistencies between Plaintiff's testimony and her statements and other evidence in the record; and (3) her activities of daily living. (ECF No. 8-3 at 24-27.) Plaintiff does not sufficiently explain why each of these reasons was wrong. For example, while Plaintiff objects that disabled claimants need not "be totally unable to engage in any form of mental or physical activity" (ECF No. 19 at 7), the Report addressed this point by finding that "the ALJ was entitled to take inconsistencies between Plaintiff's daily activities and her testimony into account in determining whether Plaintiff's testimony should be accepted," regardless of whether such activities were transferable to a work setting. (ECF No. 17 at 24.) And "[w]hile Plaintiff's interpretation of the evidence of daily activities could lead to an interpretation more favorable to Plaintiff, the Court cannot say that the ALJ's interpretation was irrational." (*Id*. at 25.)

Plaintiff objects that the Report erroneously found that the ALJ properly addressed the lay witness testimony of Plaintiff's mother. (ECF No. 19 at 8.) Plaintiff's mother submitted a report stating, among other things, that Plaintiff does minimal chores from the time she wakes up until the time she goes to bed. (ECF No. 8-7 at 46.) Although the ALJ did not state whether she found the testimony of Plaintiff's mother to be persuasive, the Court agrees with the Report that the omission was harmless. (ECF No. 17 at 28.) The ALJ did find that the testimony of Plaintiff's mother was "consistent with [Plaintiff's] subjective allegations[.]" (ECF No. 8-3 at 30.) "Because the Court has determined the ALJ provided clear and convincing reasons for discounting Plaintiff's similar testimony, any error in failing to discuss the reasons for discounting Plaintiff's mother's testimony was harmless." (ECF No. 17 at 28 (citing cases).)

Plaintiff objects that the Report improperly determined that the ALJ's hypothetical question to the vocational expert ("VE") was complete. (ECF No. 19 at 9.) But "Plaintiff merely reiterates her prior arguments that the ALJ did not

properly evaluate her subjective symptoms complaints, the lay witness statements, or the medical opinion evidence, all of which the Court has rejected for the reasons stated above." (ECF No. 17 at 29.) Because Plaintiff did not show that the ALJ's findings should be invalidated on any of these underlying issues, Plaintiff did not show that the hypothetical question was incomplete.

## ORDER

It is ordered that (1) the Report and Recommendation is accepted; and (2) Judgment will be entered denying Plaintiff's motion for summary judgment and affirming the decision of the Commissioner.

DATED: September 30, 2026

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE